Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
T: (213) 493-3980
F: (404) 400-7333

Attorneys for Defendant
Randstad US, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HARRELL, individually, and on behalf of themselves and others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>RANDSTAD US, LLC, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>(Santa Clara County Superior Court Case No. 21-CV-387665)<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL OF ACTION

PLEASE TAKE NOTICE that Defendant Randstad US, LLC ("Defendant") hereby removes the below referenced action from Santa Clara County Superior Court in the State of California to the United States District Court for the Northern District of California.  Removal is based on 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1.    On or about August 24, 2021, Plaintiff Joshua Harrell ("Plaintiff") commenced the above-styled action against Defendant in the Superior Court of the State of California for the County of Santa Clara, Case No. 21-CV-387665 (the "State Court Action").

2.    Defendant accepted service of Plaintiff's Summons and Complaint by Notice of Acknowledgment of Receipt on November 4, 2021.  A true and correct copy of the Summons and Complaint as served on Defendant is attached hereto as **Exhibit A**.  *See also* Def.'s Signed Not. of Acknowledgment of Receipt, a true and correct copy of which is attached hereto as **Exhibit B**.

3.    Plaintiff thereafter provided an extension of time for Defendant to respond to the Complaint.  On December 21, 2021, Defendant filed its Answer in the State Court Action denying Plaintiff's allegations and raising various defenses thereto.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

4.    A copy of the remaining portions of the file obtained from the Santa Clara County Superior Court is attached to this Notice as composite **Exhibit D**.

5.    This Court has federal diversity jurisdiction over this claim as set forth in 28 U.S.C. § 1332.  Federal diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the parties be citizens of different states.  28 U.S.C. § 1332.  As shown below, both of those requirements are met here.

**DIVERSITY OF CITIZENSHIP**

6.      Plaintiff alleges that he is an individual resident of Santa Clara County, California.  (*See* Ex. A, Complaint ("Compl.") ¶ 5.)

7.      Defendant Randstad US, LLC is a Delaware limited liability company, wherein 99.9% of its membership interest is held by Randstad North America, Inc. (which is a Delaware corporation with its principal place of business in Georgia), and 0.1% of its membership interest is held by Randstad General Partner (US), LLC, a Delaware limited liability company whose sole member is Randstad North America, Inc. (**Exhibit E**, Declaration of Karen Lubrano, filed contemporaneously herewith, ¶¶ 3-4); *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

8.      Therefore, because Plaintiff is a citizen of California and Defendant is a citizen of Georgia and Delaware, complete diversity exists between the parties for purposes of federal diversity jurisdiction.

**AMOUNT IN CONTROVERSY**

9.      Plaintiff's Complaint alleges that the "'amount in controversy' for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than $75,000." (Compl. ¶ 1.)  Yet, approximately three months later – on November 22, 2021 – Plaintiff made a settlement demand to Defendant for $75,000, clearly demonstrating that the amount in controversy is not "less than $75,000" as Plaintiff pled in his Complaint, but rather, exceeds $75,000.  (**Exhibit F**, Declaration of Kristapor Vartanian filed concurrently herewith, ¶ 2); *see*, *e.g.*, *Rile v. STRS Ohio Real Estate Inv. 1, LLC*, No. 09-cv-05634 CW, 2010 WL 1838965, at *1-2 (N.D. Cal. May 3, 2010) (where plaintiff made a settlement demand for $75,000, holding that, "[o]n this basis alone," defendant satisfied the requirements of removal under §§ 1441(a) and 1332(a) since "[p]laintiff's willingness to settle this case for $75,000 is strong evidence that she considers the case to be worth more than this amount"); *Perreault v.*

1   *Wal-Mart Stores, Inc.*, No. 2:16-cv-809 JCM (VCF), 2016 WL 4515932, at \*2-3 (D.

2   Nev. Aug. 29, 2016) (where complaint alleged damages in "excess of \$10,000," and a

3   later petition claimed medical expenses close to \$40,000, the petition provided

4   defendant with "new information" to remove the case to federal court by showing the

5   claims were worth in excess of \$75,000).[1]

6        10.    Accordingly, this Court has diversity jurisdiction over Plaintiff's claims

7   in this case, and this action is removed properly to this Court.  28 U.S.C. § 1446(a).

8   **TIMELINESS OF REMOVAL**

9        11.    Pursuant to 28 U.S.C. § 1446(b)(3), if "the case stated by the initial

10   pleading is not removable, a notice of removal may be filed within thirty days after

11   receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other

12   paper from which it may first be ascertained that the case is one which is or has

13   become removable."  The Ninth Circuit has construed this requirement to mean that

14   the "thirty day time period for removal starts to run from defendant's receipt of the

15   initial pleading only when that pleading affirmatively reveals on its face the facts

16   necessary for federal court jurisdiction."  *Harris v. Bankers Life & Cas. Co*., 425 F.3d

17   689, 690-91 (9th Cir. 2005). Otherwise, the 30-day clock begins when it becomes

18   "apparent" that the case has become removable by "an amended pleading, motion,

19   order or other paper."  *Id*. at 696; § 1446(b)(3).

20        12.    Here, the case stated by Plaintiff's Complaint was not removable, as it

21   alleged that the amount in controversy was less than \$75,000.  (Compl. ¶ 1.)  It was

22   not until Defendant received Plaintiff's November 22, 2021 settlement demand when

23   it became apparent, for the first time, that the case is removable.  This Notice of

24   Removal is timely in that it has been filed within thirty (30) days of Plaintiff's

25

26   [1]   Under controlling Ninth Circuit law, a "settlement demand constitutes 'other paper' [within section 1446(b)] for purposes of determining the amount in controversy." *Dake v. Receivables*

27   *Performance Mgmt., LLC*, No. 12-cv-01680 VAP (SPx), 2012 WL 12894006, at \*3 (C.D. Cal. Nov. 30, 2012); *see*, *e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 940 (9th Cir. 2002) ("A settlement letter is

28   relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Babasa v. Lenscrafters, Inc*., 498 F.3d 972, 974-75 (9th Cir. 2002) (same).

November 22, 2021 settlement demand.  *See*, *e.g.*, *Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012) (holding that date defendants received settlement letter first indicating the amount in controversy started the 30-day period for removal under Section 1446(b)(3) and thus, notice of removal was timely filed); *Dake*, 2012 WL 12894006, at *3 (holding notice of removal was timely filed within 30 days of receipt of settlement demand, which was the first time it become apparent that case is removable); *Perreault*, 2016 WL 4515932, at *2-3 (holding notice of removal was timely filed within 30 days after receipt of a petition for exemption from arbitration, which provided contrary amount in controversy information, and was the first time defendant was able to ascertain the case was removable).

## REMAINING PROCEDURAL PREREQUISITES

13.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record.

14.     In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for Santa Clara County Superior Court and shall be served on Plaintiff.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.  Accordingly, Defendant respectfully requests that this action proceed in this Court.

DATED:  December 22, 2021          KABAT CHAPMAN & OZMER LLP

                                                    /s/ Kristapor Vartanian
                                        By:  _____
                                                    Kristapor Vartanian

                                                    Attorneys for Defendant

## PROOF OF SERVICE

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue Suite 2225, Los Angeles, California 90071.

On December 21, 2021, I served the foregoing document(s) described as **NOTICE OF REMOVAL (inclusive of Exhibits) and Civil Cover Sheet JS-CAND 44** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒      **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐      **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically emailed on the individual(s) listed on the attached mailing list.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 21, 2021, at Los Angeles, California.

Windy Thor

NOTICE OF REMOVAL

1

2

**SERVICE LIST**

3
Grainne Callan
1030 E. El Camino Real #374
Sunnyvale, CA 94087

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL