# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RANDSTAD US LLC., a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSHUA HARRELL, individually, and on behalf of themself and others similarly situated

<table>
<tr><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
<tr><td>E-FILED<br>8/24/2021 11:39 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV387665<br>Reviewed By: R. Tien<br>Envelope: 7125128</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br><em>(El nombre y dirección de la corte es):</em><br>191 N. First Street<br>San Jose, CA 95113</td><td>CASE NUMBER: <em>(Número del Caso):</em><br>21CV387665</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Grainne Callan, 1030 E. El Camino Real #374, Sunnyvale, CA 94087 408-982-6224

<table>
<tr><td>DATE:<br><em>(Fecha)</em> 8/24/2021 11:39 AM</td><td>Clerk of Court</td><td>Clerk, by<br><em>(Secretario)</em> R. Tien</td><td>, Deputy<br><em>(Adjunto)</em></td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

E-FILED
8/24/2021 11:39 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV387665
Reviewed By: R. Tien

Grainne Callan (SBN 318962)

1030 E. El Camino Real #374

Sunnyvale, CA 94087

408-982-6224

Attorney For Plaintiff, Joshua Harrell

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| JOSHUA HARRELL, individually, and on behalf of themself and others similarly situated, and the general public<br><br>        Plaintiff,<br><br>    vs.<br><br>RANDSTAD US LLC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **Case No.:** 21CV387665<br><br>**COMPLAINT FOR:**<br><br>1.  Failure to Produce Wage and Personnel Records  (Cal. Labor Code § 1198.5)<br>2.  Failure to Produce Wage and Personnel Records  (Labor Code §§ 226(b), & (f))<br>3.  Failure to Furnish Compliant Wage Statements (Cal. Labor Code § 226)<br>4.  Failure to Pay Overtime Premium Wages Due (Cal. Labor Code §§ 510 and 1194)<br>5.  Failure to Pay Earned Wages (Cal. Lab. Code §§ 204, 206, 218.5 and 218.6)<br>6.  Failure to Provide All Wages Due Upon Termination of Employment – Waiting Time Penalties (Cal. Lab. Code § 203)<br>7.  Retaliation (Cal. Lab. Code § 1102.5)<br>8.  Retaliation (Cal. Lab. Code § 6310)<br>9.  Private Attorney General Act<br><br>**DEMAND FOR A JURY TRIAL** |

        COMES NOW, Plaintiff JOSHUA HARRELL ("Mx. Harrell" or "Plaintiff") to complain and allege against the above-named Defendants as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      This representative action is brought pursuant to the California Labor Code section 2698, et seq. The civil penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy"

1  for the named Plaintiff, including claims for compensatory damages, restitution, penalties,

2  wages, premium pay, and pro rata share of attorneys' fees, is less than $75,000.00.

3  2.      This Court has jurisdiction over this action pursuant to the California Constitution,

4  Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes"

5  except those given by statute to other courts. The statutes under which this action is brought do

6  not specify any other basis for jurisdiction.

7  3.      This Court has jurisdiction over Defendants because, upon information and belief, each

8  Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise

9  intentionally avails itself of the California market so as to render the exercise of jurisdiction

10  over it by the California courts consistent with traditional notions of fair play and substantial

11  justice.

12  4.      Venue is proper in this Court because, upon information and belief, each Defendant

13  maintains offices, has agents, and/or transacts business in the State of California, including

14  Santa Clara County. The majority of the acts and omissions alleged herein relating to Plaintiff

15  and the other aggrieved employees took place in the State of California, including Santa Clara

16  County.

17  5.      Plaintiff JOSHUA HARRELL is, and at all times relevant hereto was, a competent

18  adult, over the age of 18, residing in Santa Clara County, State of California and at all times

19  alleged was an "aggrieved" employee of Defendants.

20  6.      Plaintiff brings this representative action against Defendant RANDSTAD US LLC, a

21  Delaware Corporation and DOES 1 through 50, inclusive, (collectively referred to as

22  "Defendants") for alleged violations of the Labor Code.

23  7.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

24  hereto, RANDSTAD US LLC ("RANDSTAD") was and is a Delaware Corporation with its

25  principal place of business in San Jose, CA.  RANDSTAD does business in and maintains an

26  office in San Jose, California.

27  8.      At all times relevant herein, Employers and DOES 1-50 were Plaintiff's employers,

28  joint employers, and/or special employers within the meaning of the Labor Code and Industrial

Welfare Commission Order No. 4-2001 and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code Section 558, and liable to Plaintiff on that basis.

9.      The acts and omissions giving rise to liability occurred in Santa Clara County, California.

10.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of these fictitiously named Defendants when such information is ascertained.

11.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants, DOES 1-50, inclusive, is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the aforementioned Defendants, and each of them.

12.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

13.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named as DOES 1-50, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants names as DOES 1-50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intend to cause and actually causing Plaintiff harm.

14.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned

each defendant herein ratified, authorized, knew about, should have known about, and condoned the acts of each and every other defendant.

15.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

16.     At all times relevant herein, Defendants and DOES 1–50 were Plaintiff's employers, joint employers, and/or special employers within the meaning of Government Code §§ 1296, subdivision (d), 12940, subdivisions (a), (h)(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court. Defendants exercised control over Plaintiff's wages, hours, or working conditions.

## STATEMENT OF FACTS

17.     Plaintiff was employed by Defendants from March through September 2020.

18.     Plaintiff's rate of pay varied based on each workplace assignment.

19.     Plaintiff informed Defendants of illegal and/or unsafe conduct taking place at various work sites.

20.     On or about March 19, 2020, Plaintiff informed Defendants they were injured at a worksite and requested gloves to prevent further injury when required to use sharp box cutter knives.

21.     Defendants denied Plaintiff's request and told them "to be extra careful next time." Plaintiff informed Defendant of its obligation to provide protection.  Defendant told Plaintiff to not show up to work.

22.     On or about May 8, 2020, Defendants issued Plaintiff and other similarly situated employees two checks.  One check had employees paid at an erroneous rate of pay.  The second check included a corrected adjusted pay rate.  Defendants, however, applied the adjusted rate to all hours worked, without adjusting accordingly for any overtime hours worked.

23.     On or about August 28, 2020, Defendants emailed Plaintiff with instructions regarding Covid-19 protocols.  The email stated, "If you are uncomfortable with a worksite situation (such as someone not wearing a facial covering or lack of social distancing, etc.), please talk to

your direct supervisor and your Randstad representative immediately."

24.    On September 4, 2020, Plaintiff reported to Defendants unsafe working conditions regarding unsafe mask-wearing in violation of Government orders at a job site.

25.    Plaintiff was informed their work assignment at this company had ended because they were concerned about others not wearing masks.

26.    Plaintiff was denied an earned bonus for their performance.

27.    Plaintiff was then assigned to less desirable positions with reduced pay, inconvenient hours, and further commutes.

28.    Defendant's paystubs provided to Plaintiff lists its address as "3625 Cumberland Blvd. Atlanta GA 30339."  Defendant's correct address is 3625 Cumberland Blvd. **Suite 600**, Atlanta GA 30339.  (emphasis added) Defendant failed to provide a complete and accurate address on its wage statements provided to employees.

29.    Defendants required Plaintiff to use their cell-phone for work-related matters without reimbursement.

30.    Plaintiff's last day of work was on September 17, 2020.  Defendant has failed to provide Plaintiff all wages owed.

31.    On November 4, 2020 Defendants received Plaintiff's request for their personnel records and payroll records.  Despite multiple attempts to obtain the records, Defendants did not comply with this request until February 17, 2021.

## PAGA ALLEGATIONS

32.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

33.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

34.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved

employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

35.     Plaintiff was employed by Defendants and the alleged violation was committed against Plaintiff during Plaintiff's time of employment and Plaintiff is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

36.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.   The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the Labor & Workforce Development Agency (hereinafter "LWDA") and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

37.     On April 5, 2021, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff has not received an LWDA Notice within 65 calendar days of the date of Plaintiff's notice. A true and correct copy of the PAGA Notice is attached hereto as "Exhibit 1."

38.     Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code sections 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.3, 246, 510, 1102.5, 1198.5, 2802, 6401, 6401.7, and 6402.

## GENERAL ALLEGATIONS

39.     At all relevant times set forth herein, Defendants employed Plaintiff and other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California (hereinafter collectively referred to as the "other aggrieved employees").

40.     Defendants employed Plaintiff as an hourly-paid, non-exempt employee from approximately March through September 17, 2020.

41.     Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked.

42.     During Plaintiff's employment, Defendants required Plaintiff and their co-workers to do work-related activities on their personal cell phones.  Defendants did not reimburse Plaintiff or their co-workers for any portion of their personal cell phone bills.

43.     During Plaintiff's employment, Defendants demanded Plaintiff and other aggrieved employees work for free when the supervisors called, and text messaged them while off duty to answer work related questions or to give them work assignments.

44.     During Plaintiff's employment, Defendants required Plaintiff and other aggrieved employees provide their own equipment to work at job sites, including but not limited to safety equipment such as gloves and steel-toed shoes.  Defendants did not reimburse Plaintiff or his co-workers for these purchases.

45.     Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

46.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

47.     Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

48.     Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

49.     Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

50.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. This scheme involved, *inter alia*, failing to pay them for all hours worked in violation of California law.

51.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

52.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

53.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

54.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment. Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204 and

204b.

55.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, an inaccurate employer address, failure to include the correct hourly rate, and the failure to include overtime hours worked by Plaintiff and the other aggrieved employees.

56.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

57.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to reimbursement for necessary business-related expenses and costs.

58.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

59.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to provide and use safety devices and safeguards, and adopt and use practices, means, methods, and processes reasonably adequate to render such employment safe and healthful.

60.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to not place Plaintiff and other aggrieved employees into unsafe working environments.

61.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or

should have known that they had a duty to not retaliate against Plaintiff and other aggrieved employees for reporting unsafe working conditions.

62.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to provide Plaintiff's and other aggrieved employees' their personnel and payroll records in a timely manner.

63.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to accurately accrue and record earned paid sick leave hours based on one hour of paid sick leave for every 30 hours worked for Plaintiff and other aggrieved employees.

64.    At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other aggrieved employees. Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

65.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

66.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

67.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, inter alia, California Labor Code section 204.

68.    At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

69.    At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

70.    At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

71.    At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants'

profits.

72.    At all material times set forth herein, Defendants failed to provide and use safety devices and safeguards, and adopt and use practices, means, methods, and processes reasonably adequate to render such employment safe and healthful.

73.    At all material times set forth herein, when Plaintiff and aggrieved employees were placed into unsafe working environments, Plaintiff and aggrieved employees would complain about the unsafe working conditions and then Defendants would terminate Plaintiff's and aggrieved employees assignment(s).    Additional retaliation included being placed in less desirable assignments.

74.    At all material times set forth herein, Defendants failed to provide Plaintiff and other aggrieved employees their personnel records and payroll records within a timely manner as per California Labor Code sections 226, 432, and 1198.5.

75.    At all material times set forth herein, Defendants rounded down accrued the amount of hours accrued by Plaintiff and other aggrieved employees for paid sick leave.

76.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**
**FAILURE TO PRODUCE DOCUMENTS AND RECORDS**
[Cal. Lab. Code § 1198.5]
(All Defendants)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

77.    Cal. Lab. Code § 1198.5, provides that employers must permit current and former employees alike to have the right to inspect and receive a copy of the personnel files and records that relate to the employee's performance, or to any grievance concerning the employee.  Employers must comply with this requirement no more than 30 days after a written request is made.  If an employer fails to comply, the employer is liable for a penalty of $750.

78.    On November 4, 2020, PLAINTIFF requested DEFENDANTS produce the personnel

file. DEFENDANTS failed to comply with obligations under Labor Code Section 1198.5 by refusing to produce a copy or originals for inspection within 30 days of receipt of written request for same. A true and correct copy of the November 2020, request for inspection or copy of payroll records is attached hereto as Exhibit 2.

79. DEFENDANTS provided PLAINTIFF's records on February 17, 2021, well after the 30 days requirement.

80. The actions of DEFENDANTS, and each of them, as alleged above, entitles PLAINTIFF to the statutory penalty of $750.

**SECOND CAUSE OF ACTION**
**FAILURE TO PRODUCE DOCUMENTS AND RECORDS**
[Cal. Labor Code §§ 226(b), & (f)]
(By PLAINTIFF Against All DEFENDANTS)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

81. Labor Code section 226(b) states, that an employer shall, "afford current and former employees the right to inspect or copy records payroll records pertaining to their employment, upon reasonable request to the employer." Under this statute – which is entirely separate and distinct from Section 1198.5 – an employer has 21 calendar days from the date of the request to comply.

82. Labor Code section 226(f) states, "[a] failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer. This $750 penalty for non-compliance is separate from Section 1198.5's penalty for non-compliance.

83. On November 4, 2020, PLAINTIFF timely requested DEFENDANTS produce wage statements and payroll records pursuant to California Labor Code section 226(b). DEFENDANTS, however, failed to produce or allow inspection of the required records within the 21-day statutory period. A true and correct copy of the November 2020, request for inspection or copy of payroll records is attached hereto as Exhibit 2.

84.     DEFENDANTS failed to produce records pertaining to PLAINTIFF's employment with DEFENDANTS and to which PLAINTIFF is entitled pursuant to express statutory authority, specifically Cal. Lab. Code § 226(b) until June 30, 2020, well after the 21-day time frame specified in Cal. Lab. Code § 226(c).

85.     The actions of DEFENDANTS, and each of them, as alleged above, entitles PLAINTIFF to the statutory penalty of $750.

**THIRD CAUSE OF ACTION**
**FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS**
[Cal. Labor Code §§ 226]
(By PLAINTIFF Against All DEFENDANTS)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

86.     DEFENDANTS failed to provide PLAINTIFF with timely and accurate wage statements pursuant to Labor Code § 226(a)(1)-(9) by failing to include one or more of the required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked (Cal. Lab. Code § 226(a)(2)); number of piece rate units earned and all applicable piece rates (Cal. Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab. Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7)); the name and address of the legal entity employing PLAINTIFF (Cal. Lab. Code § 226(a)(8)); all applicable hourly rates in effect during each pay period and the corresponding number of hour worked at each hourly rate (Cal. Lab. Code § 226(a)(9)).

87.     The actions of DEFENDANTS, and each of them, as alleged above, entitles PLAINTIFF to statutory penalties and civil penalties pursuant to Cal. Lab. Code § 226 and other applicable laws and regulations.

88.     The actions of DEFENDANTS, and each of them, as alleged above, entitle PLAINTIFF to recover his costs, including inter alia, filing fees and service of process costs.

89.     Pursuant to Cal. Lab. Code § 226, PLAINTIFF requests an award of attorneys' fees in

this action.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME PREMIUM WAGES DUE
[Cal. Labor Code §§ 510 and 1194]
(By PLAINTIFF Against All DEFENDANTS)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

90. Throughout PLAINTIFF's employment, DEFENDANTS required PLAINTIFF to work more than 8 hours in a day and/or more than 40 hours in a week without compensating them at an overtime pay rate.

91. DEFENDANTS failed and refused to pay PLAINTIFF the overtime compensation required by the Labor Code and other applicable laws and regulations.

92. PLAINTIFF has been deprived of rightfully earned and legally required compensation as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

93. Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are liable for civil penalties pursuant to applicable provisions of the Labor Code and other applicable laws and regulations.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY EARNED WAGES
(Cal. Lab. Code §§ 204, 206, 216, 218.5, 218.6)
(By PLAINTIFF Against All DEFENDANTS)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

94. DEFENDANTS willfully failed to pay PLAINTIFF accrued wages and other compensation due to PLAINTIFF as required by the Labor Code and other applicable laws and regulations.

95. PLAINTIFF has been deprived of rightfully earned wages as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled

to recover such amounts, plus interest thereon, attorney's fees and costs, and applicable civil and statutory penalties.

## SIXTH CAUSE OF ACTION
### WAITING TIME PENALTIES
[Cal. Labor Code §§ 201 through 203]
(By PLAINTIFF Against All DEFENDANTS)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

96.     DEFENDANTS failed and refused to pay PLAINTIFF all the wages earned working for DEFENDANTS as required by the Labor Code and other applicable laws and regulations.

97.     PLAINTIFF has been deprived of rightfully earned wages as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest.

## SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5
[Cal. Lab. Code § 1102.5, *et seq*]
(All Defendants)

98.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

99.     Plaintiff engaged in numerous activities protected under California Labor Code section 1102.5 including, but not limited to, making complaints of conduct and activity that they reasonably and in good faith believed to be unlawful, as alleged above.

100.    Defendant took adverse actions against Plaintiff in retaliation for their complaints of unlawful conduct and activity by intentionally making their job more difficult ostracizing them, refusing to communicate with them, treating them differently than other employees, creating a toxic work environment that resulted in constructive discharge.

101.    Defendants' conduct would seriously affect the work performance of any reasonable employee and did affect Plaintiff's work performance.

102.    Defendants' conduct would affect the psychological well-being of any reasonable employee and did affect Plaintiff's psychological well-being.

103.   As a direct and proximate result, Plaintiff was harmed.   Defendant's conduct was a substantial factor in causing Plaintiff harm.

104.   The above-recited actions were done by, authorized by, and/or ratified by directors, officers and/or managing agents of Defendants, who acted with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the law. Specifically, Defendants knew that retaliation for making good faith complaints about a potential violation of workplace safety rules was illegal and in violation of Plaintiff's rights under Labor Code sections 1102.5 and 6310, but despite this knowledge, Defendants despicably, intentionally, and in conscious disregard of the law and Plaintiff's rights, made their job more difficult ostracizing them, refusing to communicate with them, treating them differently than other employees, creating a toxic work environment that resulted in constructive discharge. Plaintiff's efforts to not be reassigned was also intentionally frustrated and obfuscated at the highest levels. For these reasons, Plaintiff is entitled to recover exemplary and punitive damages and/or trebled damages in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF LABOR CODE SECTION 6310
[Cal. Lab. Code § 6310, *et seq*]
(All Defendants)

105.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

106.   Plaintiff engaged in numerous activities protected under California Labor Code Section 6310 including, but not limited to, making complaints of conduct and activity that they reasonably and in good faith believed to be unlawful and in violation of workplace safety rules, as alleged above.

107.   Defendants took adverse actions against Plaintiff in retaliation for their complaints of unlawful conduct and activity by intentionally making their job more difficult, ostracizing them, refusing to communicate with them, treating them differently than other employees, creating a toxic work environment that resulted in constructive discharge.

108.    Defendants' conduct would seriously affect the work performance of any reasonable employee and did affect Plaintiff's work performance.

109.    Defendants' conduct would affect the psychological well-being of any reasonable employee and did affect Plaintiff's psychological well-being.

110.    As a direct and proximate result, Plaintiff was harmed.

111.    Defendant's conduct was a substantial factor in causing Plaintiff harm.

112.    The above-recited actions were done by, authorized by, and/or ratified by directors, officers and/or managing agents of Defendants, who acted with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the law. Specifically, Defendants knew that retaliation for making good faith complaints about a potential violation of workplace safety rules was illegal and in violation of Plaintiff's rights under Labor Code sections 1102.5 and 6310, but despite this knowledge, Defendants despicably, intentionally, and in conscious disregard of the law and Plaintiff's rights, made their job more difficult ostracizing them, refusing to communicate with them, treating them differently than other employees, creating a toxic work environment that resulted in constructive discharge. Plaintiff's efforts to not be reassigned was intentionally frustrated and obfuscated at the highest levels. For these reasons, Plaintiff is entitled to recover exemplary and punitive damages and/or trebled damages in an amount according to proof at trial.

**NINTH CAUSE OF ACTION**
**CALIFORNIA PRIVATE ATTORNEY GENERAL ACT**
[Cal. Lab. Code § 2698, et seq]
(By Plaintiff and Behalf of All Aggrieved Current/Former Employees Against All Defendants)

113.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, to the extent such allegations are not inconsistent with this cause of action.

114.    Cal. Lab. Code § 2698, *et seq*. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s), of the Labor Code sections enumerated in Labor Code section 2699.5.  Section 2699.5 enumerates Labor Code sections 201, 202, 203, 204, 226(a), 510, 1102.5, and 2802. Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil

penalties for violations of those Labor Code sections not found in section 2699.5, including sections 226(f),  246, 1198.5, and 6400, *et seq*.

115.     Pursuant to Cal. Lab. Code § 2699 (c), Plaintiff as an "aggrieved employee" may bring this action for recovery of civil penalties through a civil action on behalf of themself and other current or former employees of Defendants pursuant to the procedures specified in Cal. Lab. Code § 2699.3.

116.     Defendants committed the following violations of the Cal. Lab. Code against Plaintiff and, on information and belief, against other current or former employees while they were employed by Defendants:

   a.   Violated Cal. Lab. Code §§ 201, 202, and 203 for failure to timely pay wages to Plaintiff and other aggrieved employees all wages due on the date of the employee's involuntary termination or within 72 hours of receipt of notice of employee's voluntary termination.

   b.   Violated Cal. Lab. Code § 204 by failing pay all wages due to Plaintiff and aggrieved employees on a timely basis, in compliance with those provisions.

   c.   Violated Cal. Lab. Code §§ 226(a) and 226.3 by failing to provide accurate itemized wage statements to Plaintiff and aggrieved employees.

   d.   Violated Cal. Lab. Code § 246 by failing to provide accurate paid sick leave notice to Plaintiff and aggrieved employees by rounding down the hours accrued resulting in an inaccurate reflection of accrued paid sick leave.  This practice undercompensated aggrieved employees.

   e.   Violated Cal. Lab. Code § 510 by failing to pay Plaintiff and aggrieved employees for work over eight (8) hours in a workday and forty (40) hours in a workweek.

   f.   Violated Cal. Lab. Code § 1102.5 by retaliating against Plaintiff and other aggrieved employees for reporting conduct Plaintiff reasonably and in good faith believed to be unlawful, as alleged above.

   g.   Violated Cal. Lab. Code § 2802 in requiring Plaintiff and aggrieved employees to use their personal cellular phones to phones to perform tasks before and after work time

commenced as well as during work time.  Defendants also required Plaintiff and aggrieved employees to purchase equipment without reimbursement for job execution.

h.   Violated Cal. Lab. Code § 6400 by failing to provide a place of employment that is safe and healthful to the employees therein.

117.   Plaintiff has satisfied all the requirements; set forth in Cal. Lab. Code § 2699.3, which are prerequisites to maintain a civil suit to recover the aforementioned penalties. Plaintiff, by and through their counsel, provided written notices on April 5, 2021, to the California Labor & Workforce Development Agency, RANDSTAD US LLC, stating the provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy of this letter is attached hereto, marked as Exhibit 1, and incorporated by this reference herein. The California Labor & Workforce Development Agency did not, within 65 days of April 5, 2021, pursuant to Cal. Lab. Code § 2699.3(a) notify Plaintiff its intention to investigate the allegations in the April 5, 2021 letters.

118.   Accordingly Plaintiff is entitled to pursue the matter pursuant to Cal. Lab. Code § 2699, and Defendants, are liable for civil penalties in amounts to be established at trial, payable as provided in Cal. Lab. Code § 2699(i).

119.   Pursuant to Cal. Lab. Code § 2699 (g)(1), Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in conjunction with claims brought pursuant to Cal. Lab. Code § 2699 should they prevail on any of those claims.

## DEMAND FOR JURY TRIAL

120.   Plaintiff, individually, and on behalf of other aggrieved employees pursuant to PAGA, requests a trial by jury.

## PRAYER

WHEREFORE, Plaintiff, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.   For economic damages including, but not limited to, past and future lost wages, benefits, and earning capacity according to proof;

2. For non-economic damages including, but not limited to, past and future emotional distress, according to proof;

3. For punitive damages according to proof;

4. For injunctive relief in the form of an order requiring that Defendants undergo training on equal employment opportunities and workplace safety and to enact and enforce policies and procedures aimed at addressing unsafe working conditions;

5. For restitution;

6. For civil penalties as may be available under the law, including any penalty available under Labor Code §§1102.5, 6310, and/or 2699.

7. For pre-judgment interest calculated from the date of termination;

8. For costs and attorney's fees; and

9. For equitable relief as the Court deems fair; and,

10. For such other and further relief as the court deems just and proper in the circumstances

Dated: August 24, 2021

GRAINNE M. CALLAN, Esq.
Attorney for Plaintiff

# EXHIBIT 1

# Grainne Callan, Esq.

[Via online Submission and Certified mail]                                 April 5, 2021
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

    Re: Randstad US LLC and DOES 1-50, inclusive

Dear Representative:

    This office has been retained by Joshua Harrell to represent them against their former employer, Randstad US LLC (hereafter "Randstad"), and DOES 1-50, inclusive for violations of California's Labor Codes. Mx. Harrell intends to seek penalties for violations of the California Labor Code, which are recoverable under California Labor Code sections 2698 *et seq.*, and the Labor Code Private Attorneys General Act of 2004 ("PAGA"). Mx. Harrell seeks penalties on behalf of the State of California and other current and former aggrieved employees. This letter is sent in compliance with the reporting requirements of California Labor Code section 2699.3.

    Randstad's principal office street address is 3625 Cumberland Blvd, Suite 600, Atlanta, GA 30339 and its mailing address is 150 Presidential Way, 3rd Floor, Woburn, MA 01801. Randstad provides 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 as its California's office address.  According to the February 10, 2021, 1505 form filed on California's Secretary of State website, the agent for service of process is Corporation Service Company Which Will Do Business in California as CSC – Lawyers Incorporating Service located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

    Randstad employed Mx. Harrell from March through October 2020. As Randstad is an outsourcing and staffing agency, Mx. Harrell's rate of pay varied based on each workplace assignment.

    Randstad has violated and/or continues to violate, among other provisions of the California Labor Code and applicable wage law, California Labor Code sections: 201-204, 210, 226, 226.3, 226.6, 246, 510, 1102.5, 1198.5, 2802, 6300, 6306, 6308, 6400, 6401, 6401.7, 6402, and 6403.

    California Labor Code sections 201, 202 and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Our client and other aggrieved employees were not paid all the wages they were owed upon discharge or resignation by

Randstad. As discussed infra, there existed (and likely still exists) unpaid wages, overtime, meal, and rest break violations that have gone without redress. Mx. Harrell's last date of employment with Randstad was in October 2020. Randstad has yet to provide the entirety of their compensation due to Mx. Harrell. Therefore, Mx. Harrell and other aggrieved employees are entitled to their outstanding wages, as well as any waiting time penalties due.

California Labor Code section 204 provides labor performed between the 1st and 15th days of any calendar month shall be paid between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and last day of any calendar month, shall be paid for between the 1st and 10th day of the following month. Mx. Harrell and other aggrieved employees have not been paid in a timely manner at least one time for the pay period of April 27 through May 3, 2020. Additionally, on July 16, 2020, Randstad provided a wage statement for the pay period of June 15 – 21, 2020. This pay period was paid late and Randstad then processed an authorized deduction for the wages due to Mx. Harrell. Therefore, Mx. Harrell and other aggrieved employees are entitled to full payment of their wages and the penalties associated with the delay of receiving these wages.

On May 8, 2020, Randstad issued Mx. Harrell and other similarly situated employees two checks. One check was paid at an erroneous rate of pay. The second check included a corrected adjusted pay rate, which in Mx. Harrell's case was $3.00 per hour. Randstad, however, applied the $3.00 per hour amount to both Mx. Harrell's regular hours worked and overtime hours worked, without adjusting accordingly for the overtime hours worked. The overtime hours worked should have been adjusted at Mx. Harrell's overtime rate of pay, which would be a rate of $4.50. Randstad has yet to pay this outstanding amount to Mx. Harrell and other employees where Randstad failed to correctly compensate overtime hours worked.

California Labor Code section 210 provides additional penalties for failure to pay an employee's wages with a $100 penalty for the initial violation and a $200 penalty plus 25% of the amount unlawfully withheld for each subsequent violation. As demonstrated above, Randstad failed to pay Mx. Harrell and other employees their full wages in a timely manner for the pay period of May 8, 2020, Randstad is subject to 210 penalties.

California Labor Code section 226 requires employers to make, keep, and provide complete and accurate itemized wage statements to their employees. During the relevant time period, Randstad failed to provide Mx. Harrell and other aggrieved employees with complete and accurate itemized wage statements. The wage statements they received from Randstad were in violation of California Labor Code section 226(a). The violations include, but are not limited to, an incomplete address on the wage statements provided to employees, the failure to include the correct hourly rate for at least one pay period, all overtime wages owed.

Randstad's paystubs provided to Mx. Harrell lists its address as "3625 Cumberland Blvd. Atlanta GA 30339." Randstad's correct address is 3625 Cumberland Blvd. **Suite 600**, Atlanta

GA 30339.  (emphasis added) Randstad has failed to provide a complete and accurate address on its wage statements provided to employees.

California Labor Code sections 226(b) and (c) require employers to provide the payroll records to an employee within 21 days of receiving the request.  Mx. Harrell provided their request via certified mail on November 2, 2020.  This request was delivered to Randstad on November 4, 2020.  Subsequent requests were made to Randstad without success until February 17, 2021, 105 days after Randstad initially received the request.  Mx. Harrell and other employees were subjected to this violation.

California Labor Code section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226." Randstad violated subdivision (a) of section 226 for Mx. Harrell and other aggrieved employees.

California Labor Code section 226.6 provides: "Any employer who knowingly and intentionally violates the provisions of Section 226, … and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court."

California Labor Code section 246 requires employers to provide paid sick leave notice to its employees setting forth the amount of paid sick leave (hereafter "PSL") available for use either on the employee's itemized wage statement or in a separate writing provided on the designated pay date with the employee's payment of wages.  Employees accrue paid sick days at the rate of not less than one hour per every 30 hours worked.  It appears Randstad rounded down the amount of hours accrued by employees, resulting in an inaccurate reflection of paid sick days accrued.  Randstad's rounding down practice of paid sick days consistently undercompensated employees.  Randstad's incorrect accrual can be seen on every wage statement provided.  Examples of this include: when Harrell had worked 45.4 hours Randstad shows 1 hour PSL instead of 1.51 hours, when they worked 85.26 hours, Randstad shows 2 hours PSL instead of 2.84, when they worked 208.12 hours, Randstad shows 6 hours instead of 6.94.

California Labor Code section 510 requires employers to provide overtime pay to employees at the rate of time and a half for all hours worked in excess of 40 in a week or eight in a day.  As explained above, Randstad failed to properly compensate at a minimum of one time during the pay period of April 27 through May 3, 2020.  Randstad required Mx. Harrell and other aggrieved employees to work overtime hours without receiving the proper overtime premiums as required by section 510.

J. Harrell PAGA Notice Letter
April 5, 2021
Page 4 of 5

California Labor Code section 1102.5 prohibits employers from retaliating against an employee for opposing any practices forbidden or made unlawful under the section. Mx. Harrell informed Randstad about the illegal conduct taking place at the Corodata assigned work site. Randstad retaliated against Mx. Harrell by terminating their employment at that worksite. Randstad transferred Mx. Harrell to a lesser paying position with a farther commute and failed to provide them their earned bonus. Mx. Harrell and other aggrieved employees who reported illegal conduct were retaliated against for reporting the violations. Therefore, Mx. Harrell and other aggrieved employees are entitled to statutory penalties associated with this violation.

California Labor Code section 1198.5(c)(3)(A) require employers to provide its personnel records to an employee within 31 days of receiving the request. Mx. Harrell provided their request via certified mail on November 2, 2020. This request was delivered to Randstad on November 4, 2020. Subsequent requests were made to Randstad without success until February 17, 2021, 105 days after Randstad initially received the request. Mx. Harrell and other employees were subjected to this violation.

California Labor Code section 2802 requires employers to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties or of his or her obedience to the directions of the employer. Randstad required Mx. Harrell and other employees to use their cell phones to record and submit their hours. Randstad required Mx. Harrell and other employees to purchase equipment to work at job sites, including but not limited to safety equipment such as gloves and steel-toed shoes. Randstad failed to indemnify Mx. Harrell and other aggrieved employees in accordance with this section.

California Labor Code sections 6300, 6400, and 6402 require employers to provide a place of employment that is safe and healthful. Randstad has repeatedly placed its employees into unsafe working environments and when an employee notifies Randstad of its violation Randstad retaliates by terminating the position. On or about September 4, 2020, Mx. Harrell reported to their Randstad representative Huy Nguyen unsafe working conditions at their Randstad assigned work site location, Corodata. Several workers, including managers and office staff, were not wearing face masks in shared places in violation of Governor Newsom's June 18, 2020 order regarding face coverings. Mx. Nguyen's initial reaction was to direct Mx. Harrell to speak with additional managers at the job site about Mx. Harrell's concerns. Later that same day, Mx. Nguyen informed Mx. Harrell via a telephone call that their assignment at Cordata had ended because Mx. Harrell was concerned about others not wearing masks. In further retaliation, Mx. Harrell was denied an earned bonus for their performance in August 2020. Randstad continued its retaliation and placed Mx. Harrell in lower paying jobs with a more extensive commute. Randstad failed to provide Mx. Harrell and other aggrieved employees a safe place of employment. Mx. Harrell and other employees were subjected to these violations.

California Labor Code sections 6306, 6308, 6401, and 6403 require employers to provide and use safety devices and safeguards, and adopt and use practices, means, methods, operations,

1030 E. El Camino Real #374 • Sunnyvale • CA • 94087 • (408) 982-6224 • Grainne.Callan@callanlawoffice.com

**J. Harrell PAGA Notice Letter**
April 5, 2021
Page 5 of 5

and processes which are reasonably adequate to render such employment and place of employment safe and healthful. In addition to the above described incident, Mx. Harrell sustained an injury while on a different job. Mx. Harrell reported this incident to Mx. Nguyen and requested gloves. Mx. Nguyen's response was to ask for a picture of the injury and inform Mx. Harrell they do not have the budget for gloves. Mx. Nguyen said for Mx. Harrell to be "extra careful next time." Mx. Harrell pointed out that the employer needs to provide proper safety equipment. Mx. Nguyen's response was to tell Mx. Harrell not to show up to work, that work was cancelled. Randstad fails to provide the necessary safety equipment for its employees. When an employee courageously notifies Randstad that it has an obligation to provide safety devices, Randstad then terminates the employee from that particular job. Randstad then continues to expose non-complaining employees to the unsafe work environments. Mx. Harrell and other employees were subjected to these violations.

California Labor Code section 6401.7 requires employers to implement and maintain an effective written injury prevention program. Although Randstad appears to have a minimal injury prevention program, it does not appear to be effective or maintained. The response from Randstad regarding a reported injury is to be extra careful. Randstad includes wearing gloves as part of its prevention program for cuts, yet will not provide the necessary safety equipment. Mx. Harrell and other employees were subjected to this violation.

Therefore, on behalf of all aggrieved employees, Mx. Harrell seeks all applicable penalties related to these violations of the California Labor Code pursuant to PAGA. If you have any questions or require any additional information, please do not hesitate to contact us. My direct dial is (408) 982-6224 and my email address Grainne.Callan@callanlawoffice.com. Thank for your attention to this matter.

Sincerely,

Grainne M. Callan, Esq.
Attorney for Joshua Harrell

cc: **Via U.S. Certified Mail**
Attn: RANDSTADT US LLC
Attn: DOEs 1 – 50
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

# EXHIBIT 2

 **Grainne Callan, Esq.**

[Via USPS]                                                            November 2, 2020
Randstad US, LLC
2099 Gateway Place #260
San Jose CA 95110

Re: Joshua Harrell, employee ID 00009909640, Employment File Request

To Whom It May Concern:

This firm represents Joshua Harrell concerning potential workplace claims Joshua has against Randstad US, LLC. Please do not contact my client directly.  All future communications regarding this matter are to be addressed to:

Grainne Callan, Esq.
1030 E. El Camino Real #374
Sunnyvale, CA 94086
(408) 982-6224

**Employee File Request**
Pursuant to Labor Code Sec. 1198.5(c)(3)(A), within 30 days of your receiving this request, please provide the personnel records for Joshua Harrell.

Pursuant to Labor Code Sec. 226(b), and within 21 days of your receiving this request, please provide the payroll records for Joshua Harrell required by Labor Code Sec. 226(a).

Pursuant to Labor Code Sec. 432, which has no time limit, please provide copies of all documents which Joshua Harrell has signed related to Joshua's obtaining or holding their job with or any job they were assigned to on behalf of Randstad US, LLC.

Enclosed is a signed Authorization for Release of Records, empowering this firm to receive these documents. Failure to return these records in the timely manner will result in statutory fines.

Please feel free to contact me at any time.

Sincerely,

Grainne M. Callan, Esq.

Copy to: Client
Encl: Authorization for Release of Records

1030 E. El Camino Real #374 • Sunnyvale • CA • 94087 • (408) 982-6224 • Grainne.Callan@callanlawoffice.com

Randstad US, LLC
2099 Gateway Place #260
San Jose CA 95110

Re: Joshua Harrell Authorization for Release of Records

I, Joshua Harrell, employee ID 00009909640, hereby authorize Randstad US LLC to release the entirety of my personnel file to Grainne Callan, Esq. as of the date below.

I was employed by Randstad US, LLC from March through October 2020.

Under Labor Code § 1198.5, an employee or their representative is entitled to review a copy of their personnel records within 30 days of a formal request. Under Labor Code § 226, an employee is entitled to review a copy of their payroll records within 21 days of such a request. Failure to produce the records without a response will result in the filing of a complaint against your office with the California Superior Court or Department of Labor Standards Enforcement (DLSE) that carries with it a penalty.

A photocopy of this authorization is to be treated in the same manner as the original copy.

Signed: _Joshua Harrell (Nov 2, 2020 09:48 PST)_____
              Joshua Harrell

Date: _____ Nov 2, 2020 _____